Sutlirr, J.
It is unnecessary to here determine whether the plaintiff in error was entitled to have the instruction given to the jury in the language by him expressed. The question of negli.gence being one of fact as well as law, while the circumstances .upon which it depends remain in doubt, it should never be taken *95 from the jury by the court. The effect of all attendant circum■stances and the weight of evidence in establishing the fact or facts which, in law, constitute negligence, are peculiarly for the consideration of the jury; and it is from the effect of the circumstances and evidence upon their minds that the jury are expected to find the facts involved in the issues submitted to them. The legal conclusions properly deducible from the facts so found, must of course depend upon the law applicable thereto, as well as upon the facts themselves; and it is the province of the court to instruct the jury as to the rule of law, and their duty to apply it to the facts found in the verdict which they return in the case.
But the court not only refused to give the charge requested by the plaintiff in error, but proceeded to give one which, we think, as given, might have misled the jury.
The charge requested was: “ If at the time the cattle were killed it was so dark that a head-light was necessary to prevent collision,” etc., that in such case and at such time, “ it was not negligence for the train to carry a head-light,” etc. The record shows that this instruction the court refused, and thereupon instructed the jury, “ that the defendant had a perfect right to carry a head-light on its strain by day or night, if it claimed to do so; and that it was, no doubt, its duty to carry such light at night; but that the carrying of a light, like every other act of the company in the exercise of its functions, must not interfere with the rights, nor endanger the property of others
This rule made the right of carrying a head-light “by day or night,” alike dependent upon the fact of its not interfering with the rights or endangering the property of others. The charge as thus given, and especially when taken in connection with an unqualified refusal of the court to give the instruction requested, tended to mislead the jury. It was calculated to lead the jury to regard the right of the company to carry head-lights on their train at night as depending upon the fact of its “endangering the.property of others; ” and such is not the law.
It is true the court, after saying to the jury that the railroad company “ had a perfect right to carry a head-light on its train, by day or night,” adds, “that it was, no doubt, its duty to carry such light at night;” but to this duty the court adds an important qualification, which might well have been understood by the jury as a denial of the unqualified right of the company to carry a head-light *96 on its train at night, when necessary for the safety of the train and strangers. The right to cany a head-light would be a justification for carrying it. And a duty on the part of the company to carry a head-light upon the train, would only be a justification as it implied the right to do so. It is therefore evident that the court, by adding, as they did, in respect to the right and duty of carrying the headlight, that “that the carrying a light, like every other act of the company, . . . must not . . . endanger the property of others,” may have misled the jury. The tendency of the instruction was to load the jury to regard the right of the company to carry the head-light at the time as dependent upon the fact of its not endangering the safety of the cattle injured.
*The court very properly instructed the jury as to the right of the company to carry head-lights upon their train at night, for it Was for the carrying of a head-light at night, when necessary, that the instruction was asked; and not as to any arbitrary right to-carry a light unnecessarily in the daytime. The two rights are not at all analogous. Nor could there be any analogy in the liability resulting from so carrying the light in the two cases.
If it be shown that the carrying of a head-light in the night season be necessary, or even conducive to the safety of the lives and property embarked upon the train, it is the right and duty of the company to see to it that such light be then carried, however much it may increase the danger of cattle suffered to stray upon the road of the company.
We think the charge given by the court to the jury objectionable in that it may have been understood as qualifying this important right of the railroad company.
The judgment of the district court' affirming the judgment of the common pleas must therefore be reversed.
The judgment of the court of common pleas is also reversed, and the cause remanded to that court for further proceedings.

Judgment accordingly.

Hrinkerkoee, C. J., and Scott, Peck, and Gholson, JJ., concurred.